UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNKIN' DONUTS
FRANCHISING, LLC, et al.

        Plaintiffs,

v.                                                                         Case No.: 8:10–cv–01087–T–24–TBM

GULF TO BAY DONUTS, INC., et al.

        Defendants.
_____/

**ORDER DENYING**
**MOTION TO SET ASIDE DEFAULT**

After holding a hearing on this motion on August 18, 2010, the Court now considers Defendants' Motion to Set Aside the Clerk's Default in this case. (Doc. 75.) Plaintiffs oppose this motion. (Doc. 78.) Because the Court finds that the Defendants willfully defaulted by displaying an intentional disregard for judicial proceedings, the Court will let the Clerk's default stand and will proceed within 30 days to rule on Plaintiffs' Motion for Entry of a Default Judgment.

**BACKGROUND**

Plaintiffs Dunkin' Donuts Franchising LLC, Baskin-Robbins Franchising LLC, DD IP Holder LLC, and BR IP Holder LLC (collectively "Dunkin' Donuts") filed a twenty-two count Complaint on May 7, 2010 against eleven corporate franchisees that run retail donut stores in Pinellas County, Florida and seven individuals who are shareholders in the stores and acted as guarantors to the stores' obligations. The Complaint alleges that the corporate defendants

1

breached various franchise agreements by failing to pay franchise and advertising fees to Dunkin' Donuts and that the individual defendants breached their personal guarantees. After Dunkin' Donuts terminated the franchise agreements, the Complaint alleges that the stores continued to use Dunkin' Donut trademarks. The Complaint seeks injunctive relief and damages for the breaches, as well as for trademark infringement, unfair competition, and trade dress infringement.

The Complaint and a summons were served on all of the 18 defendants on four dates—May 12, May 17, May 19, and May 24, 2010. None of the defendants challenge the validity of service or the Court's jurisdiction. None of the defendants contest that they received the Complaint and summons. In fact, Defendants acknowledge that they hired an attorney, Carl Lisa Jr., of Lisa & Sousa, Ltd. of Rhode Island, to represent them. Mr. Lisa called Plaintiffs' counsel on May 21, 2010 to negotiate a settlement. But Mr. Lisa told Plaintiffs' counsel that he did not represent the defendants for purposes of defending the lawsuit, only for purposes of negotiating a settlement. Mr. Lisa told Plaintiffs' counsel that the Defendants had decided not to spend money to defend the lawsuit.[1]

Within the time permitted, the Defendants failed to answer or respond to the Complaint. Plaintiffs then moved for the Clerk to enter a default, which the Clerk did. During the 30 days between the Clerk's default and the time to move for default judgment, Plaintiffs' counsel grew concerned about the health and personal safety of one of the defendants.[2] Plaintiffs' counsel

---

[1] See Doc. 78-1 ¶4 (Sworn Declaration of Paul D. Watson).

[2] Because of the personal nature of this concern, the Court will not elaborate on this issue here. However, in order to preserve the record in this case, the Court notes that this issue is fully discussed in the transcript of the July 20, 2010 status conference in this case.

contacted Mr. Lisa, who apparently was unaware of this issue. Mr. Lisa then used this personal issue to argue that Plaintiffs should not move for entry of default judgment.[3]

Defendants appeared for the first time—with new counsel—on July 20, 2010, the morning of a status conference requested by Plaintiffs' counsel to address the health and safety concern in this case. The next day, July 21, 2010, Plaintiffs moved for entry of default judgment. With new counsel separately representing the corporate defendants and the individual defendants, the Defendants then answered the Complaint on July 23, 2010. On August 4, 2010, Defendants moved to set aside the Clerk's default.

## **ANALYSIS**

A district court can set aside a clerk's default "for good cause shown." Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996). While courts typically look at several factors in determining whether "good cause" exists, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id.

Based on the sworn declaration and other evidence submitted in this case, the Court finds that the Defendants willfully defaulted by intentionally disregarding this judicial proceeding. At the hearing, Defendants presented no evidence to contradict this finding and offered little argument against it. Instead, Defendants argued that other factors cited by the Eleventh Circuit

---

[3] Doc. 78-1; Ex. 2 at 10 (e-mail of July 7, 2010).

in Compania Interamericana Export-Import, S.A. justify the Court setting aside the default.[4]  A willful default, however, is sufficient legal reason to deny the Defendants' motion.  Even considering other factors, the Court would not set aside the default.  Although the Court agrees that the public interest is best served when the Court rules on the merits, this public interest should be weighed against the fact that the Defendants at the hearing acknowledged that they have few, if any, defenses to the Complaint.  At the hearing, Defendants said they will only contest part of the damages sought—not the underlying substantive claims.  The issue of damages can be heard to an extent at a hearing under Rule 55(b)(2) unless the parties stipulate to damages as they said they likely will.  Since the Defendants admit that they cannot mount a meritorious defense, the public interest served by ruling on the merits lessens significantly.

## **CONCLUSION**

Accordingly, Defendants' Motion to Set Aside Clerk's Default (Doc. 75) is **DENIED**.

The Plaintiffs' Motion for Entry of Default Judgment and Permanent Injunction (Doc. 69) is set for consideration at a hearing on **September 9, 2010** at 10 a.m. in Courtroom 14A of the Sam M. Gibbons U.S. Courthouse.

If the parties consent to a default judgment and do not need the Court to conduct a hearing, the parties should notify the Court and the hearing will be cancelled.

---

[4] In evaluating "good cause" to set aside a default, courts have examined other factors, including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, S.A., 88 F.3d at 951-52.
 A party can also establish "good cause" by showing that the failure to timely respond to complaint was not willful, that the party acted promptly to vacate the clerk's entry, a meritorious defense exists, and the party would suffer no prejudice if the default is vacated. USA Flea Market, LLC v. EVMC Real Estate Consultants, Inc., 248 F. App'x 108, 111 (11th Cir. 2007).

**IT IS SO ORDERED.**

*Done on August 18, 2010.*

                                                 SUSAN C. BUCKLEW
                                                 United States District Judge