UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNKIN' DONUTS FRANCHISING LLC,
a Delaware limited liability company, DD IP
HOLDER LLC, a Delaware limited liability
company, BASKIN-ROBBINS FRANCHISING
LLC, a Delaware limited liability company, and
BR IP HOLDER LLC, a Delaware limited liability
company,

       Plaintiffs,

v.                                                  Case No. 8:10-cv-1087-T-24-TBM

GULF TO BAY DONUTS, INC., a Florida
corporation, SAND KEY DONUTS, INC., a
Florida corporation, COUNTRYSIDE DONUTS,
INC., a Florida corporation, EAST BAY DONUTS,
INC., a Florida corporation, US 19 DONUTS, INC.,
a Florida corporation, TAMPA ROAD DONUTS,
INC., a Florida corporation, 66th STREET
DONUTS, INC., a Florida corporation, MAIN
STREET DONUTS, INC., a Florida corporation,
CLEVELAND STREET DONUTS, INC., a Florida
corporation, STARKEY DONUTS, INC., a Florida
corporation, ULMERTON DONUTS, INC., a
Florida corporation, VIKALP PATEL, an
individual, NIRAV MEHTA, an individual,
SNEHA PATEL, an individual, SANJAY PATEL,
an individual, RUPAL PATEL, an individual,
REENA CHOKSI, an individual, and RAMESH
PATEL, an individual,

       Defendants.
_____/

**ORDER**

       This cause comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs. (Doc. No. 85). Defendants do not oppose this motion. Id. at 7.

       On August 30, 2010, this Court entered a Default Judgment and Permanent Injunction in

favor of the Plaintiffs. (Doc. No. 83 & 84). Plaintiffs now request this Court to grant an award of attorneys' fees and costs as provided by the various Franchise Agreements between the parties. (Doc. No. 85 at ¶15). Specifically, Plaintiffs seek an award of attorneys' fees in the amount of $43,777.00 and costs in the amount of $3,452.75, for a total of $47,229.75. Id. at ¶16.

The Eleventh Circuit has held that "[w]hen the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fee provision in the parties' contract." Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1321 (11th Cir. 2001). In the instant case, Section 9.3 of the parties' franchise agreements states "if this Agreement is terminated as a result of FRANCHISEE's default, FRANCHISEE shall pay to FRANCHISOR all damages, costs, and expenses, including, without limitation . . . attorneys' fees incurred by FRANCHISOR as a result of any such default or termination." (Doc. No. 85 at ¶15). Because Plaintiffs, the franchisors, prevailed in the instant case, the attorneys' fees provision of Section 9.3 is applicable to the instant motion.

The Eleventh Circuit has adopted the lodestar approach to determine the amount of attorneys' fees, which is a calculation of the number of reasonable hours times the reasonable hourly rate. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The chief factor in determining the reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. Upon consideration of Plaintiffs' instant motion, the affidavit of Plaintiffs' attorney, Paul D. Watson (Doc. No. 86), and Mr. Watson's detailed list of hours charged and costs incurred by Plaintiffs' attorneys (Doc. No. 86, Ex. A), this Court finds the hourly rates charged and hours expended are reasonable. Therefore, the

Court finds that the attorneys' fees and costs requested by Plaintiffs are reasonable and should be awarded.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED**.  (Doc. No. 85).  **DONE AND ORDERED** at Tampa, Florida, this 15th day of September, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record